JULY, 1826.

Prigmore
v.
Thompson.

---

Foster, Adm'r. of Henderson, *against* Ross, Adm'r. of Starke.

*July*, 1826.

JUDGE *White* delivered the opinion of the majority of the Court.

In this case the declaration describes the cause of action as a writing obligatory, sealed by the defendant. The issue was on the plea of payment; and on the trial it being necessary, according to a former decision of the Court, (*a*) to produce the evidence of the debt, the plaintiff offered in evidence a note, not expressed in the body of it to be sealed, having a scroll annexed to the signature with the word "seal" therein written. The Court rejected it as not being a specialty as described in the declaration. The plaintiff excepted, and now assigns this matter as Error.

A majority of the Court are of opinion, that although the instrument in other respects corresponded with its description in the declaration, yet not being a specialty the variance was too great to permit it to go to the Jury.

*Declaration describes a writing obligatory; issue on the plea of payment; a writing which is not a specialty cannot be given in evidence for plaintiff.*

*(a) The opinion of the Court in the case referred to, is not to be found in the files. It was so held by the majority of the Court at Cahawba; but the Reporter does not recollect the name of the case.*

Judges *Crenshaw* and *Taylor* concurred.

The Chief Justice and Judge *Gayle* gave no opinion.

Judge *Saffold.*—In my opinion the defendant, by the plea of payment, admitted the existence of the contract as described in the declaration; and by the endorsement on the writ, in which a copy is set out. Under this issue it was unnecessary to produce the note on trial, unless for the purpose of ascertaining whether any, and what, credits had been entered on it; and, as to its admissibility in evidence, there could be no other question than the question of its identity. All doubt as to this would disappear by reference to the endorsement on the writ. But I think that the declaration alone sufficiently identified the instrument, and that a recovery under it would unquestionably have been a bar to a subsequent action on the same instrument. The variance was only in the technical name given to it, and

Foster, Admr. of
Henderson,
v.
Ross, Admr. of
Starke.

could have been taken advantage of only on demurrer after oyer had.   Although I am now in the minority, I think that I am perfectly consistent with the decision of this Court in the case of *Lea v. Adkins*. (*a*)   It was there held under similar circumstances, that the variance could be shewn only by oyer, and afterwards demurring.   In my opinion the Circuit Court erred in rejecting the evidence.

(*a*) *ante*, 187.

*Parsons*, for plaintiff.

*Crawford* and *Hitchcock*, for defendant in Error.